| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>EDMOND CHOUTEAU,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:22-bk-12229-WB<br><br>CHAPTER: 13<br><br>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br><br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |
|---|---|

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 07/28/2025   Movant(s) filed a motion or application (Motion) entitled: DEBTOR'S MOTION FOR HARDSHIP DISCHARGE PURSUANT TO 11 U.S.C. §1328(b)

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 07/28/2025   Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 28   days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 1                              **F 9013-1.2.NO.REQUEST.HEARING.DEC**

9. Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 08/25/2025                    /s/Benjamin Heston_____
                                    Signature

                                    Benjamin Heston_____
                                    Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949-312-1377
Fax: 949-288-2054
ben@nexusbk.com

Attorney for Debtor

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>EDMOND CHOUTEAU,<br><br>Debtor. | Case No.: 2:22-bk-12229-WB<br><br>Chapter 13<br><br>**DEBTOR'S MOTION FOR HARDSHIP DISCAHRGE PURSUANT TO 11 U.S.C. §1328(b)**<br><br>**[no hearing required unless requested under LBR 9013-1o)]** |

TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 13 TRUSTEE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Debtor, EDMOND CHOUTEAU, will and hereby does move the Court for an order granting a hardship discharge. This motion is made under Bankruptcy Code section 1328(b) on the grounds that the Debtor's inability to complete his Plan is due to circumstances beyond his control, that the funds actually distributed on account of each allowed unsecured claim is not less than would have been paid had the case been filed under Chapter 7, and modification is not feasible. This motion is based on all pleadings, papers and records in this action, on the attached memorandum of points and authorities and on the declaration of Edmond Chouteau.

Pursuant to LBR 9013-1(o), this Motion may be granted without a hearing. If you wish to oppose this Motion, you must file and serve a written response and request for hearing with the

1

Court no later than 14 days after the date stated on the Proof of Service of this Motion, plus 3 additional days if you were served by mail.

Failure to timely file and serve a written response to this Motion may be treated as a waiver of your right to oppose the Motion and the Court may grant the relief requested herein without further notice of a hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

11 U.S.C. § 1328(b) provides that, at any time after the confirmation of a Chapter 13 plan and after notice and a hearing, the Court may grant a discharge to a debtor who has not completed plan payments if:

1. The debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
2. The value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate had been liquidated under Chapter 7; and
3. Modification of the plan is not practicable.

Courts have interpreted § 1328(b) as requiring a fact-specific analysis. A hardship discharge is an equitable remedy designed to address unforeseen, insurmountable obstacles to plan completion, such as illness, disability, or other serious disruption to income.

### A. Debtor's Failure to Complete Payments Is Attributable to Extraordinary Circumstances Beyond His Control

Debtor's plan was confirmed on December 1, 2022. Shortly thereafter, he suffered a cascade of debilitating medical setbacks related to Charcot foot, a degenerative musculoskeletal condition. Despite severe physical limitations, he returned to work prematurely against medical advice in order to provide for his family. His efforts worsened the condition, ultimately leading

2

to a fracture, multiple rounds of casting, warnings of potential amputation, and a major surgery in late 2023 that left him bedridden through early 2024.

During this time, Debtor's income was dramatically reduced. State disability payments were limited in amount and duration. His permanent disability application was delayed due to the surgical complications and was not approved until July 2024. For nearly a year, Debtor survived with no income at all. Despite this, he continued to make plan payments as long as he could. His inability to complete the 60-month term is directly attributable to a severe and progressively disabling medical condition, and not due to any willful act, neglect, or misuse of the process. These circumstances fall squarely within the types of events contemplated by § 1328(b)(1).

### B. Distributions to Unsecured Creditors Are Not Less Than a Hypothetical Chapter 7 Liquidation

The confirmed Chapter 13 plan, as reflected in the confirmation order, required that unsecured creditors receive not less than a 20% dividend, amounting to $10,111. As of the date of this motion, more than $10,111 has been paid to unsecured creditors under the plan. During the life of the case, Debtor's spouse, Tesha Chouteau, received a modest inheritance. Rather than retaining those funds, she paid them into the Chapter 13 plan in order to ensure that their vehicles would be paid through the plan and that unsecured creditors would receive at least as much as they would have in a Chapter 7 liquidation. That inheritance has now spent on plan payments and ordinary living expenses.

Accordingly, the value of distributions made to unsecured creditors is not less than what they would have received in a Chapter 7 liquidation. The attached Trustee's pay history shows that the amount distributed to unsecured creditors satisfies the Chapter 7 liquidation threshold required under 11 U.S.C. § 1328(b)(2). Courts have consistently held that full compliance with the Chapter 7 liquidation test is a precondition to hardship discharge relief.

3

### C. Modification of the Plan Is Not Practicable

Section 1328(b)(3) requires that plan modification be impracticable. Debtor's current income consists of permanent state disability payments that are significantly below his prepetition earnings. As of the date of this motion, his household has no material disposable income, and updated Schedules I and J (filed concurrently) reflect a monthly shortfall. Debtor has no realistic ability to increase income.

### CONCLUSION

Debtor has made every good faith effort to comply with the terms of his plan but is no longer able to do so due to circumstances beyond his control. He has satisfied the statutory requirements of 11 U.S.C. § 1328(b), and a hardship discharge is appropriate.

For the foregoing reasons, Debtor respectfully requests that the Court enter an order granting him a hardship discharge.

Date: July 25, 2025

**NEXUS BANKRUPTCY**

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Debtor

4

# DECLARATION OF EDMOND CHOUTEAU

I, Edmond Chouteau, declare as follows:

1. I am one of the Debtors in the above-referenced bankruptcy proceeding. I have personal knowledge of all matters stated herein and if called to testify I could competently testify thereto.

2. I filed this bankruptcy case on April 20, 2022, in good faith and with the sincere intention of repaying my creditors to the best of my ability. My Chapter 13 plan was confirmed on December 1, 2022.

3. Prior to filing, I had been experiencing significant financial strain due to drastically reduced work hours at the beginning of the COVID-19 pandemic. My income was reduced to nearly a third of what it had been, and I relied on credit to pay for basic living expenses.

4. In October 2020, I was diagnosed with Charcot foot, a degenerative condition affecting the bones and joints in my foot. I was placed in a cast and instructed not to bear weight on the foot. I remained in a cast for most of the following year and was on state disability during this period.

5. Because my income during the early part of the pandemic was low, my disability benefits were significantly reduced. In August 2021, those benefits expired, and rather than endure 10–12 months of delay in applying for permanent disability, I went back to work against medical advice. I had no other choice.

6. I worked intermittently through the end of 2022, taking short medical leaves to allow my foot to rest. In November 2022, I broke the main bone in my foot while walking and was placed in a cast again. At that time, I was warned that I had caused further permanent damage and risked amputation.

7. Despite these setbacks, I continued to make my plan payments for as long as I could. In April 2023, I applied for permanent state disability benefits. In October 2023, I

underwent a surgery intended to improve my condition. That surgery led to serious complications that left me bedridden through January 2024.

8. My disability benefits stopped during this time, and I had no income for nearly nine months. In July 2024, I was finally approved for permanent disability. My current income is significantly lower than what I earned when the plan was confirmed.

9. During this case, my wife, Tesha Chouteau, received a modest inheritance. We used the full amount to support our family and to pay into the plan so that our vehicles would be paid off and creditors would receive at least as much as they would have in a Chapter 7.

10. I am now permanently disabled and physically unable to return to my former employment. I have made every effort to meet my obligations under the plan. My household has no disposable income, and it is not practicable to further modify the plan.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: July 25, 2025

EDMOND CHOUTEAU

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S MOTION FOR HARDSHIP DISCAHRGE PURSUANT TO 11 U.S.C. §1328(b)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/28/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy K Curry (TR)    TrusteeECFMail@gmail.com
Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Mukta Suri    Mukta.Suri@mccalla.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Fanny Zhang Wan    Fanny.Wan@mccalla.com, mccallaecf@ecf.courtdrive.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 7/28/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Julia W. Brand
255 E. Temple Street
Suite 1382 / Courtroom 1375
Los Angeles, CA 90012

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/28/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

Ally Bank
c/o AIS Portfolio Services
4515 N. Santa Fe Ave, Dept APS
Oklahoma City, OK 73118-7901

Ally Financial
PO Box 380901
Minneapolis, MN 55438-0901

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Bank of America
PO Box 982238
El Paso, TX 79998-2238

Bank of America
c/o Harris & Zide, LLP
1445 Huntington Drive
South Pasadena, CA 91030-4553

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Cavalry SPV I, LLC
PO Box 4252
Greenwich, CT 06831-0405

Citibank
PO Box 790034
St. Louis, MO 63179-0034

Discover Bank
Discover Products Inc.
PO Box 3025
New Albany, OH 43054-3025

Harley-Davidson Credit Corp
3160 Crow Canyon Place, Suite 215
San Ramon, CA 94583-1110

Harley-Davidson Credit Corp
PO Box 9013
Addison, TX 75001-9013

Jefferson Capital Systems LLC
assignee for Nordstrom, Inc.
PO Box 7999
Saint Cloud, MN 56302-7999

Lakeview Loan Servicing, LLC /
Flagstar Bank, NA
Bankruptcy Department
5151 Corporate Drive
Troy, MI 48098-2639

Lakeview Loan Servicing LLC
M&T Bank
Bankruptcy Department
PO Box 840
Buffalo, NY 14240-0840

Loandepot.com, LLC
Attn: Bankruptcy
5465 Legacy Drive, Suite 200
Plano, TX 75024-3190

Logix Federal Credit Union
27918 Franklin Parkway
Valencia, CA 91355-6019

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Office of General Counsel, U.S.
Department
of Housing and Urban Development –
Region IX
One Sansome Street, Suite 1200
San Francisco, CA 94104-4430

PayPal Credit
PO Box 5138
Lutherville Timonium, MD 21094-5138

Pinnacle Service Solutions LLC
4408 Milestrip Rd #247
Blasdell, NY 14219-2553

Quantum3 Group LLC
agent for Crown Asset Management
LLC
PO Box 788
Kirkland, WA 98083-0788

Synchrony Bank
PO Box 960061
Orlando, FL 32896-0061

Target / TD Bank USA
PO Box 1470
Minneapolis, MN 55440-1470

Victoria's Secret / Comenity Bank
PO Box 182273
Columbus, OH 43218-2273

Vituity – Nevada (Koury & Partners)
PLLC
c/o Wakefield & Associates LLC
PO Box 51272
Knoxville, TN 37950-1272

Wakefield & Associates
PO Box 58
Fort Morgan, CO 80701-0058

Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Wescom Credit Union
Attn: Bankruptcy
5601 East La Palma Avenue
Anaheim, CA 92807-2109

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3090 Bristol Street #400
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/25/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy K Curry (TR)    TrusteeECFMail@gmail.com
Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Mukta Suri    Mukta.Suri@mccalla.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Fanny Zhang Wan    Fanny.Wan@mccalla.com, mccallaecf@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/26/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                          Page 3                               F 9013-1.2.NO.REQUEST.HEARING.DEC